

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
XXXXXXXXON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

Opinion No. 0-4931
Re: Whether man living in one county may claim his ranch in another county as his homestead.

Your request for an opinion on the above question reads as follows:

"A man is employed and maintains a residence in 'A' county. He owns no real estate in 'A' county. He owns a ranch in 'B' county. Although he has never maintained his principal residence on the ranch, he and his wife, on various occasions have spent several days and nights on the 'B' county property.

"I shall thank you to advise me whether or not, in your opinion, this man is entitled to a homestead exemption from State taxes on the 'B' county real estate."

The situation presented in your letter is not such that it may be said as a matter of law that the ranch either is or is not this man's homestead. Whether or not certain property constitutes the homestead of a family is largely determined by the intention of the head of the family, together with the particular circumstances which may tend to establish or discredit such intention. For this reason we cannot give a categorical answer to your question.

The essential elements of a homestead and the rules applicable thereto are set out in our opinions Numbers 0-1638 and 0-4164, copies of which are attached hereto. By way of supplementing these opinions we shall discuss a few additional authorities which we believe to be peculiarly applicable to your question.

In Taylor Feed Pen Company v. Taylor National Bank, (Ct. of Civ. Appeals, 1915) 181 S.W. 534, (Judgment and modified on other grounds by the Commission of Appeals, 215 S. W. 850)

the court announced the following rule at page 540:

"While actual residence is not necessary under
all circumstances to fix the homestead character upon
land, a mere intention to occupy land some time in
the future as a homestead, unaccompanied by any act
clearly evidencing such intention, is not sufficient
to attach to such land the homestead character."
(Authorities cited)

In Parker v. Cook, (Court of Civil Appeals, 1909) 122
S.W. 419, the facts were quite similar to those presented in
your question. Mr. Cook owned a 61 acre farm in Red River
County, which was adequately equipped to serve as a home for
himself and family, which he designated as his homestead. He
and his family never actually occupied this property but in-
stead he moved to Fort Worth, where he followed his trade as
a carpenter. It appearing that Mr. Cook was unable to make a
living at his trade of carpenter while living on the Red River
County farm, the Court held that such farm could not consti-
tute his homestead, being unfit as to him to meet the require-
ments of a home. Said the court:

". . . The tract of land was a farm; but Cook
was a carpenter, not a farmer. He intended to occu-
py the farm whenever conditions changed so that he
could go there and make a living for his family and
money to pay his debts. Such a time might never come.
There was no evidence to show that there was any good
reason for expecting it in the near future. To sus-
tain the homestead claim in this case would be carry-
ing the effect of intention alone beyond the limits
fixed by any adjudicated case we have examined. . ."

In First Coleman National Bank of Coleman v. Childs,
(Eastland Court of Civil Appeals, 1938) 113 S. W. (2d) 602,
(writ refused) the court declared:

"Under the circumstances of this case, the
mortgagor, or Childs and his wife are estopped to
assert the homestead claim to the 200 acres in
question, regardless of the fact that the husband,
after moving from the farm to the city property,
made certain uses of the farm for raising stock and
agricultural products, both of which were consumed
in the maintenance of his family while residing in
the city property. In other words, the use of rural
land by a city or town resident does not in itself
support homestead claims therein. Alexander v. Wil-
son, supra; Roberts v. Cawthorn, 26 Tex. Civ. App.
477, 63 S. W. 332."

In Nunn's textbook on "Texas Homestead" at page 98, the following prerequisites for the acquisition of a homestead are laid down:

"There is no constitutional or statutory provision directing the manner by which the homestead character is impressed upon lands other than the stipulation: 'provided, that the same shall be used for the purposes of a home, or as a place to exercise the calling or business of the head of the family.' In the judicial interpretation and application of this provision it has become well settled that the homestead character is impressed upon property: (a) by the actual use and occupancy of the property as a homestead; (b) or by a present intent to so use and occupy the same, coupled with acts of preparation, demonstrating such intent.

"Intent, in itself, will not impress the homestead character upon property, but such intent must be accompanied with a preparation, demonstrating such intent; and the said acts of preparation must be prosecuted with reasonable diligence to the extent that, within a reasonable time, they will result in the actual use and occupancy, or else it will be deemed that the intent to so use and occupy has been abandoned. Ultimate, actual use and occupancy of the property as a homestead is contemplated in all cases. If the intent be abandoned before the occupancy begins, no homestead rights are acquired. . ."

While the facts submitted in your letter are inadequate to permit us to answer your question as a mattter of law, we believe the foregoing authorities support the following conclusions which may guide you in the determination of the question:

1. If the man has never actually maintained his principal residence at the ranch in "B" county so as to impress it with the character of a homestead, occasional visits of several days are ineffectual to accomplish such a purpose.

2. If the man has no immediate intention of terminating his employment in "A" county, and if the ranch in "B" county is not suitably located as a residence while engaged in such employment in "A" county, then the ranch cannot constitute his homestead.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Walter R. Koch
Walter R. Koch
Assistant

WRK:AMM:wc

ENCLOSURES

APPROVED NOV 13, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman